DONALD J. DE SANTO, Respondent, v ELINOR ZELLER, Appellant.—In a defamation action, defendant appeals from so much of an order of the Supreme Court, Kings County, dated September 29, 1977, as granted plain-

tiff's motion for a protective order in its entirety and failed to grant her cross motion for protective order in its entirety. Order modified by deleting therefrom the provision which granted plaintiff's motion with respect to paragraph No. 24 of defendant's demand for a bill of particulars and substituting therefor a provision denying plaintiff's motion with respect to that paragraph, to the limited extent that it requests the names and addresses of persons who heard the allegedly slanderous matter and who may be called as witnesses. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Plaintiff's time to serve a bill of particulars with respect to paragraph No. 24, as limited, is extended until 20 days after service upon him of a copy of the order to be made hereon, together with notice of entry thereof. The defendant is entitled to the names of all persons who heard the allegedly slanderous matter and who may be called as witnesses. This information should be available to avoid surprise at the trial. Although the plaintiff has included several names in his complaint, if additional persons may be called as witnesses to the alleged slander their identities should also be revealed to the defendant. We note that although Special Term's order did not specifically enumerate paragraph No. 32 of the defendant's demand for a bill of particulars, the plaintiff included that paragraph in his motion for a protective order, which motion was granted in its entirety. We agree that that paragraph, as well as the other enumerated paragraphs (except No. 24), are irrelevant to plaintiff's cause of action and should be stricken from the demand for a bill of particulars. Latham, J. P., Rabin, Cohalan and Margett, JJ., concur.